# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KATHERINE MELTON,<br><br>   Plaintiff<br><br>v.<br><br>ALLERGAN INC,<br>DOW CORNING,<br>GENERAL ELECTRIC,<br>MENTOR WORLDWIDE LLC,<br><br>   Defendants | Case No.: 3:19-cv-00298-MMD -WGC<br><br>**Report & Recommendation of**<br>**United States Magistrate Judge**<br><br>Re: ECF Nos. 1, 1-1 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 1) and pro se complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The

application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff files this complaint for related to events that occurred at Harrison Memorial/Bremerton, Washington in March of 1988, in 2019, and on January 22, 2019. (ECF No. 1-1 at 1.) She names the following defendants: Allergan Inc. of Irvine, California; Dow Corning of Midland, Michigan; General Electric of Fairfield, Connecticut; and Mentor Worldwide LLC of Santa Barbara, California. (ECF No. 1-1 at 2.) She alleges that Allergan Inc. was a medical supplier that supplied breast implants to her surgeon that were implanted into her body. She contends that

Dow Corning made and supplied silicone medical supplies knowing they would hurt humans. She alleges that General Electric said it did not know what medical companies were doing with the materials, but avers it knew in the 1960s that the materials caused cancer. She avers that Mentor Worldwide LLC assembled and sold silicone breast implants that were put in Plaintiff's body knowing that they caused cancer and would bleed into her body. (*Id*.)

She contends that she had ruptured, bleeding implants that caused her to be sick, disabled, deformed and poisoned, and ultimately cost her $4,000 to have removed. She claims there are still traces of silicone in her body that could still cause cancer or other illnesses. She has lost her ability to work. (*Id.* at 3.) Plaintiff alleges she was not informed of the danger of rupture or bleeding or damage it would cause her. (*Id*. at 4.) She seeks damages for medical costs, lost wages, mental stress and current and future illnesses. (*Id*. at 9.) She makes reference to attached documentation but there are no documents attached to the complaint. There are no further factual allegations contained in the complaint.

The complaint fails to state a claim upon which relief may be granted. While Plaintiff is suing regarding breast implants that she alleges ruptured or bled into her and had to be removed, causing her physical injury, she does not assert any specific claim against any defendant. Nor does she provide any factual detail regarding the conduct of each of the defendants so as to plausibly suggest liability on the part of each of the defendants beyond the very bare allegations in the list of defendants.

Therefore, the court recommends that the action be dismissed. The dismissal should be without prejudice, but this case should be administratively closed because it does not appear from the limited information in the complaint that this action is properly brought in the District of Nevada.

A civil action must be brought in (1) a judicial district in which any *defendant* resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b).

The complaint alleges that each defendant resides in a state other than Nevada, and identifies Bremerton, Washington as the place where the events giving rise to the claim occurred. There is no other indication that any of the Defendants is subject to personal jurisdiction here; however, if that is not the case and this district would have personal jurisdiction, Plaintiff may file a new complaint here with allegations correcting the deficiencies noted above and providing a factual basis for jurisdiction and venue in this district.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 1). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1-1) should be **FILED**.

(3) The action should be **DISMISSED WITHOUT PREJUDICE;** however, the action should be administratively closed.

The Plaintiff should be aware of the following:

1. That [s]he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report

and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 19, 2019.

_William G. Cobb_
William G. Cobb
United States Magistrate Judge